**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PHUONG THANH NGUYEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1351-R** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Phuong Thanh Nguyen, seeks release through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Nguyen's Petition to United States Magistrate Judge Chris M. Stephens, who recommended that the Court grant the Petition and order Mr. Nguyen's release. [Doc. No. 25]. Respondents objected [Doc. No. 28], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Whether Mr. Nguyen is entitled to habeas relief turns on his chances of being removed to Vietnam. If it's "significantly likel[y] that [he] may be removed in the reasonably foreseeable future," then Respondents lawfully revoked his order of supervision, and the Court should dismiss his Petition. 8 C.F.R. § 241.13(i)(2). Judge

---

[1] Petitioner did not Object but did Respond to Respondents' objection. [Doc. No. 30].

Stephens concluded that Respondents violated § 241.13(i)(2) because they didn't have "individualized evidence" showing Mr. Nguyen's imminent removal. Doc. No. 25 at 20.

Ample evidence supports Judge Stephens's Recommendation. A frequent bottleneck in the process of removing Mr. Nguyen has been Vietnam's refusal to issue him a necessary travel document. As a result, Respondents' plan to remove him on at least two flights has failed for want of this document. Thus it looked as though Mr. Nguyen's removal was quite uncertain. But Respondents have since told the Court that on October 27th, Vietnamese officials issued Mr. Nguyen's travel document. [Doc. 28-1 at 2]. They argue, as a result, that Mr. Nguyen's removal is now imminent.

The Court first notes its prior decisions concluding that failing to follow applicable immigration regulations might justify habeas relief depending on the imminence of a petitioner's removal. *Compare Bol v. Mullin*, No. CIV-26-449-R, 2026 WL 1452462, at *3 n.1 (W.D. Okla. May 22, 2026) (denying habeas where Respondents identified a three-day window—beginning five days from the Court's order—where Petitioner was scheduled for removal) *with Nguyen v. Dep't of Homeland Sec.*, No. CIV-26-87-R, 2026 WL 1506428, at *7 (W.D. Okla. May 29, 2026) (ordering release where Respondents failed to comply with 8 C.F.R. § 241.13(i) " by failing to make a proper changed-circumstances determination"). The Tenth Circuit's recent decision in *Abedi v. Carter* cements this practice as proper in this jurisdiction. No. 25-3179, 2026 WL 3149141, at *24 (10th Cir. Oct. 21, 2026) ("The Government's failure to comply with a regulation protecting Mr. Abedi's due process rights thus merits invalidation of the challenged agency action without regard to whether the alleged violation has substantially prejudiced him.").

Respondents first object to Judge Stephens's use of the factors outlined in 8 C.F.R. § 241.13(f) to determine that they violated § 241.13(i)(2). But the Court need not rely on those factors since it agrees with Judge Stephens's conclusion that "ICE failed to make any individualized determination about the significant likelihood of [Mr. Nguyen's] removal based on changed circumstances." Doc. No. 25 at 14.

Respondents next object to Judge Stephens's conclusion that they violated § 241.13(i)(2). At the time they redetained him, Respondents claim that "stark," "global changed circumstances" constituted compliance with § 241.13(i)(2). Doc. No. 28 at 5. The Court disagrees. *Vu v. Blanche*, No. CIV-26-446-R, 2026 WL 1757826, at *1 (W.D. Okla. June 18, 2026) ("Respondents reliance on an overall increase in removals to Vietnam and general statements about attempting to obtain a travel document do not show a significant likelihood that Petitioner will, on account of changed circumstances, be removed in the near future.") Moreover, despite redetaining him on December 16, 2025, Respondents only "began working on a request to the Government of Vietnam for [Mr. Nguyen's] travel document" in January 2026. Doc. No. 25 at 3–4. The Court has previously declined to credit this kind of post-hoc justification for violations of § 241.13(i). *See Nguyen*, 2026 WL 1506428, at *6 n.4 (noting that "the request [for a travel document] was not sent until weeks after Petitioner's re-detention"); *Bol*, 2026 WL 1452462, at *2 ("Several district courts in the Tenth Circuit have found failure to establish changed circumstances before revoking an [Order of Supervision] amounts to a due process violation."); *Abedi*, 2026 WL 3149141, at *25 (quoting the petitioner's brief with approval: "process delivered months later is not process in the constitutional sense; it is a retrospective justification attempt")

(citation modified). The Court agrees with Judge Stephens; Respondents violated § 241.13(i)(2).

Even if they did violate § 241.13(i)(2), Respondents argue, Mr. Nguyen's travel document is on its way. So it'd be a waste of time to release him when his removal is inevitable and imminent. Although the Court has denied habeas relief where removal was truly imminent, the Court noted in *Bol* that it "may decide differently in a case with different facts." *See Bol*, 2026 WL 1452462, at *3 n.1, *4. Here are those different facts: Respondents still cannot say precisely when they plan to remove Mr. Nguyen, so the Court concludes that release is the appropriate remedy until they can schedule a removal flight. *See Nguyen*, 2026 WL 1506428, at *7 n.7 ("Nothing herein should be construed to foreclose the actual receipt of a travel document from Vietnam regarding Petitioner as the type of changed circumstance that would allow for compliance with § 241.13(i)(2)") (citation modified). The Court overrules Respondents' objections.

Accordingly, the Court ADOPTS Judge Stephens's R&R, GRANTS in part Mr. Nguyen's Petition, and ORDERS Respondents to release him subject to an appropriate order of supervision. Respondents shall certify their compliance within 5 days of this Order.

IT IS SO ORDERED this 10th day of November.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**